## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF VIRGINIA
### Richmond Division

| | | |
|---|---|---|
| Willie E, Johnson<br>    Plaintiff<br><br>v.<br><br>Capital Community Bank DBA LoanMart<br>    Defendant | ]<br>]<br>]<br>]<br>]<br>]<br>]<br>]<br>] | Case#: 3:25-CV-309<br><br>**JURY DEMANDED** |

## COMPLAINT

Mr. Johnson, by counsel, files this complaint against the above referenced Defendants for their violation of the Fair Credit Reporting Act.

## PRELIMINARY STATEMENT

1.    This is an action by a consumer seeking actual damages, statutory damages, and punitive damages, attorney fees and costs and for declaratory relief for defendants violation of The Fair Credit Reporting Act (hereinafter "FCRA"), 15 U.S.C. §1681 *et seq.*

Jason M. Krumbein, Esq. VSB#43538
Counsel for Willie E. Johnson
10307 W. Broad St. Suite 293
Glen Allen, VA 23060
804.592.0792
804.823.2565 (fax)
JKrumbein@KrumbeinLaw.com (e-mail)

## JURISDICTION, VENUE and JURY DEMAND

2.   This court has jurisdiction, 28 U.S.C. §1331, and pursuant to the Fair Credit Reporting Act, 15 U.S.C. §1681p.

3.   This is the proper venue because the plaintiff resides here, and the majority of the actions claimed happened within the confines of the Commonwealth of Virginia.

4.   The court has personal jurisdiction over the defendant because they regularly transact business here, and caused tortious damages, such that they should expect to be hailed into court here.

**5.   TRIAL BY JURY IS DEMANDED.**

## PARTIES

6.   Plaintiff is a natural person and a resident of the Commonwealth of Virginia.

7.   Plaintiff is a consumer as defined by the Fair Credit Reporting Act, 15 U.S.C. §1681a(b) and (c).

8.   NON PARTY Experian Information Solutions, Inc. (hereinafter "Experian") is an Ohio Corporation registered with the Virginia State Corporation Commission with a registered agent, and authorized to do business in the Commonwealth of Virginia.

9.   Upon information and belief, Experian is a "Consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as defined by 15 U.S.C. §1681a(p). Upon information and belief, Experian is regularly

Jason M. Krumbein, Esq. VSB#43538
Counsel for Willie E. Johnson
10307 W. Broad St. Suite 293
Glen Allen, VA 23060
804.592.0792
804.823.2565 (fax)
JKrumbein@KrumbeinLaw.com (e-mail)

engaged in the business of compiling and maintaining files on consumers on a nationwide basis for the purpose of furnishing consumer reports to third parties bearing on a consumer's credit worthiness, credit standing, or credit capacity, each of the following regarding consumer residing nationwide:

a.  Public record information;

b.  Credit account information from persons who furnish that information regularly and in the ordinary course of business.

10.    Capital Community Bank DBA LoanMart (hereinafter "LoanMart") is a .

11.    Upon information and belief LoanMart is a furnisher of information to TranUnion and Experian.

12.    LoanMart will be referred to as "The Furnisher Defendants".

## FACTS

13.    Plaintiff was the victim of identity theft.

14.    An unknown person opened accounts with LoanMart.

15.    LoanMart reported the debt as due, owing and in default.

16.    It is false to report that Mr. Johnson owes any money to LoanMart.

17.    Plaintiff then disputed each account to each of the three national consumer credit reporting agencies, Equifax, TransUnion and Experian.

18.    On information and belief, each of the three national consumer credit reporting agencies, Equifax, TransUnion and Experian, communicated with LoanMart, and forwarded all relevant information.

19.    On information and belief, upon receipt of the dispute from Experian, LoanMart, verified that the money was owed.

Jason M. Krumbein, Esq. VSB#43538
Counsel for Willie E. Johnson
10307 W. Broad St. Suite 293
Glen Allen, VA 23060
804.592.0792
804.823.2565 (fax)
JKrumbein@KrumbeinLaw.com (e-mail)

20.    On information and belief, LoanMart failed to conduct a reasonable investigation into the account that had been used by a person other than the plaintiff.

21.    Plaintiff has disputed to each of the three national consumer credit reporting agencies, Equifax, TransUnion and Experian, explaining that Furnisher Defendants had failed to investigate into the use of the account by an unauthorized person.

22.    On information and belief, The Furnisher Defendants failed to consider all relevant information provided by the consumer and consumer reporting agencies, because if they had been reviewing the documents, they would have known that the account was not used by the plaintiff.

23.    On information and belief, The Furnisher Defendants have failed to modify or delete the false information as, if they had done so, they would have updated the false information to show that the account was not owed.

24.    As a result of the actions and inactions of the defendants, the plaintiff suffered damages, including *but not limited to* mental and emotional distress, and being denied credit.

<u>COUNT ONE:</u>
**CLAIM FOR RELIEF AS TO FURNISHER DEFENDANTS**
**15 U.S.C. §1681s-2[b]**

25.    Plaintiff restates and re-alleges all previous paragraphs herein.

Jason M. Krumbein, Esq. VSB#43538
Counsel for Willie E. Johnson
10307 W. Broad St. Suite 293
Glen Allen, VA 23060
804.592.0792
804.823.2565 (fax)
JKrumbein@KrumbeinLaw.com (e-mail)

26.   Defendants have violated 15 U.S.C. §1681s-2[b][1][A] in that they failed to conduct a reasonable reinvestigation of the factual inaccuracies contained in plaintiff's credit file.

27.   Defendants have violated 15 U.S.C. §1681s-2[b][1][B] in that they failed to review all relevant information provided by Equifax, TransUnion or Experian.

28.   Defendants have violated 15 U.S.C. §1681s-2[b][1][E] in that they failed to delete information that was inaccurate or could not be verified.

29.   Defendants have caused injury in fact, by causing, among other effects, mental and emotional distress, damage to credit reputation, and resulting in credit damages to the plaintiff.

30.   Defendants have done so either negligently or willfully.

31.   Plaintiff is entitled to actual damages,, punitive damages, attorney fees and costs pursuant to 15 U.S.C. §1681n.

32.   Alternatively, plaintiff is entitled to actual damages, attorney fees and costs if the violation is negligent, pursuant to 15 U.S.C. §1681o.

**WHEREFORE**, the plaintiff, by counsel moves for judgment in an amount to be determined by a finder of fact.

Jason M. Krumbein, Esq. VSB#43538
Counsel for Willie E. Johnson
10307 W. Broad St. Suite 293
Glen Allen, VA 23060
804.592.0792
804.823.2565 (fax)
JKrumbein@KrumbeinLaw.com (e-mail)

**Willie E. Johnson**

_/s/ Jason M. Krumbein, Esq._
Jason M. Krumbein, Esq. VSB#43538
JKrumbein@KrumbeinLaw.com (e-mail)
Counsel for Plaintiff
10307 W. Broad St. Suite 293
Glen Allen, VA 23060
804.592.0792
804.823.2565 (fax)

Jason M. Krumbein, Esq. VSB#43538
Counsel for Willie E. Johnson
10307 W. Broad St. Suite 293
Glen Allen, VA 23060
804.592.0792
804.823.2565 (fax)
JKrumbein@KrumbeinLaw.com (e-mail)